The Honorable Jim Milum State Representative 607 Skyline Drive Harrison, Arkansas 72601-2309
Dear Representative Milum:
This is in response to your request for an opinion on the application of A.C.A. § 6-17-204(c)(2) (Supp. 1997) (which requires a supplement to a school district's teacher salary schedule to compensate teachers for additional working days and duties), to five different factual scenarios involving home economics teachers, math teachers, and librarians, serving additional days and performing additional duties.
The relevant portion of A.C.A. § 6-17-204[1] provides as follows:
 A school district shall adopt, in accordance with § 6-17-201 et seq., a supplement to the salary schedule for those certified staff employed longer than the period covered by the salary schedule and for duties in addition to certified employees' regular teaching assignments.
The correspondence attached to your request also references other applicable statutes, such as A.C.A. § 6-17-807 (Repl. 1993), which requires additional compensation for additional teaching days.
You have posed five scenarios and have asked questions relative to these laws, as follows:
 1. If a school district's base salary schedule covers certified staff members employed for 185 days and the school district employs a home economics teacher for 205 days, must the school district pay that teacher an additional amount? If so, what is the additional amount that teacher must be paid?
 2. Assume a certified employee is employed by a standard contract for 185 days and teaches math six periods a day. All other teachers who just have teaching assignments also teach six periods a day. Assume that this math teacher is then assigned the duty of senior class sponsor which requires the teacher to spend extra time after school and on weekends supervising and organizing senior class events. Must the district pay this teacher supplemental pay under A.C.A. § 6-17-204(1)(f) for the senior class sponsor duties? Must this additional amount be part of a written supplement to the salary schedule adopted in accordance with A.C.A. § 6-17-201 et seq.?
 3. Assume a school district has hired both a high school and an elementary librarian on contracts for 200 days. Assume that the district is paying the librarians for the additional ten days by calculating their daily rate of pay based on the 185 day salary schedule and multiplying that by 200. Furthermore, assume that both the librarians spend the additional 10 days either before school starts or after it closes doing librarian tasks such as ordering books, organizing the library, maintaining equipment, etc. Finally, assume that only the high school librarian has been assigned the duty of yearbook sponsor which requires her to take pictures at school events in the evenings and on weekends, organize a fund raising effort to pay for the yearbook, work with the students after school hours on the text, format, layout, etc. and work with the publishing company to see that the yearbook gets published. Under A.C.A. § 6-17-204(1)(f), must the district pay the high school librarian for her duties as yearbook sponsor?
 4. Assume that a teacher is employed on a 185 day contract as a math teacher and teaches math six periods a day. All other teachers with no additional duties teach six periods a day for 185 days. Assume also that this teacher is assigned to the position of track coach which requires the teacher not only to work late on regular school days (the 185 days) but also on the weekends and over the spring break. Must this teacher under A.C.A. § 6-17-204(1)(f) be paid for the additional days that he works over the weekend and on spring break? Must he be paid, in addition to those days, for the duties he performs after regular school hours in working with the track team? If so, must the pay for these duties be reflected as a supplement to the salary schedule?
 5. Assume that a teacher is employed on a 185 day contract as a math teacher and teaches math six periods a day. All other teachers with no additional duties teach six periods a day for 185 days. Assume that the teacher is required to stand at the game of basketball and football games and to work the concession stand at basketball and football games. Some of the games are held on week night evenings, some are held on the weekends and some over holidays. In other words, some games would be in the evening of a regular school day. Some would be on a weekend day which is not a regular school day. Some would be on holidays which the teacher would otherwise have off. Must this teacher under A.C.A. § 6-17-204(1)(f) be paid for these additional duties and, if so, must the pay for these duties be reflected as a supplement to the salary schedule?
I must conclude that I cannot provide a legal opinion on the listed scenarios. The questions posed are with reference to specific factual situations. The question of whether these particular scenarios trigger the supplemental pay schedule required by A.C.A. § 6-17-204 would involve a determination of all relevant facts, and reference to any relevant regulations of the Board of Education. I am not in a position, in the rendering of official legal opinions, to resolve individual disputes concerning teacher pay issues. Such matters are properly resolved by the local school districts, with the help of their individual counsel, and with the aid of the State Department of Education, or in an adversarial proceeding if necessary.
Clearly, A.C.A. § 6-17-204(c)(2) contemplates supplemental salary for certain service and duties. I cannot, in the context of a bare legal opinion, however, conclusively resolve these individual fact situations. Neither can I engage in the private practice of law. Such questions must be resolved with reference to all the facts and circumstances through the avenues noted above.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The correspondence attached to your request references A.C.A. §6-17-204 "(1)(f)," a non-existent subsection. I assume the reference is rather, to the Arkansas Code language appearing at A.C.A. §6-17-204(c)(2).